UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAIFER GUILHERMO RIVAS ROJAS, (A-240-530-033),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTERFACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-6539 DC CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Janaifer Guilhermo Rivas Rojas (A-240-530-033) a native of Venezuela who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner with a bond hearing.

## I. BACKGROUND[2]

Petitioner entered the United States without inspection on February 22, 2024. (ECF No. 6 at 4.) On March 7, 2024, the Department of Homeland Security ("DHS") issued a Notice to

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

Appear placing petitioner in standard removal proceedings pursuant to Immigration and Naturalization act ("INA") § 240 (8 U.S.C. § 1229a). (Id. at 21.) That same day, petitioner was released on his own recognizance, subject to his participation in the Alternatives to Detention ("ATD") program. (Id. at 16.) On June 12, 2026, a warrant for petitioner's arrest was issued and served on petitioner, and he was detained the same day. (ECF No. 1 at 4; ECF No. 6 at 25.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 7.) Respondents do not contest petitioner's factual allegations, except to note that petitioner's detention followed his June 11, 2026 misdemeanor kidnapping conviction. (ECF No. 6 at 1, 13.)

On August 17, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On August 27, 2026, respondents timely filed an answer. (ECF No. 6.) Petitioner did not file a reply. (See Docket.) On September 8, 2026, petitioner filed a motion for the appointment of counsel. (ECF No. 9.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that

8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his detention as seeking release to raise a statutory claim under the INA as well as a due process claim under the Fifth Amendment. (See ECF No. 1 at 6 (claim one).) Petitioner also contends respondents failed to provide a timely and meaningful post order custody review in violation of 8 C.F.R. § 241.4 (claim four).[3]

Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead maintain that petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 6 at 1.) Respondents note petitioner's recent misdemeanor kidnapping conviction. (Id.)

Respondents acknowledge that petitioner is entitled to seek a custody redetermination hearing before an immigration judge. (Id. at 1-2 (citing Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026).) This Court interprets respondents' concession to refer to the large volume of cases in which this district court has repeatedly rejected respondents' new interpretation[4] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the INA and/or violates due process.

In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondents' new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161

---

[3] In petitioner's second and third claims, petitioner argues that less restrictive alternatives to detention exist, and that his individual circumstances support relief. (ECF No. 1 at 6.) These arguments support petitioner's arguments for relief and do not constitute individual cognizable habeas claims for relief.

[4] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, respondents' argument that petitioner is subject to detention under § 1225(b)(2) fails and, pursuant to Rodriguez Vazquez and based on respondents' acknowledgment, the Court recommends granting the petition and ordering respondents to provide petitioner with a bond hearing.

## IV. PETITIONER'S REMAINING CLAIMS

In the petition, petitioner also claims a violation of due process (claim one), and a violation of 8 C.F.R. § 241.4 (claim four), (ECF No. 1 at 7.) Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claim (remainder of claim one or claim four) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting

habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to claim one.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 9.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 9) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on petitioner's statutory claim (claim one).
2. Respondents be ordered to provide petitioner with a bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide notice to petitioner and if petitioner has counsel, also to petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.
3. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the date of the bond hearing, a status report addressing petitioner's status.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/rivas6539.157.2241.imm.BOND