UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAIFER GUILLERMO RIVAS ROJAS (A-240-530-033),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-06539-DC-CSK (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 10) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 16, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 10.) On September 20, 2026, Respondents objected "to the findings and recommendations for the reasons stated in their Answer." (Doc. No. 11.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under

8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

On September 21, 2026, the court entered on the docket Petitioner's reply in support of his petition, which was signed by Petitioner on September 16, 2026, and thus sent to the court before Petitioner received a copy of the pending findings and recommendations. (Doc. No. 12.) In addition, on September 28, 2026, Petitioner filed objections to the magistrate judge's findings and recommendations in which he objects to the recommendation that he be provided with a bond hearing rather than release. (Doc. No. 13.)

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings to be supported by the record and by the magistrate judge's analysis. However, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody. As noted above, this court has repeatedly found that noncitizens are constitutionally entitled to prior notice and a pre-deprivation hearing before being detained by immigration authorities, yet Respondents fail to explain why Petitioner was detained without such notice and hearing. *See Selis Tinoco*, 818 F. Supp. 3d 1141; *Labrador-Prato*, 815 F. Supp. 3d 1113; *D.L.C.*, 2026 WL 25511; *Altin*, 2026 WL 309563. The court is also unpersuaded that Respondents' mere mention of Petitioner's recent misdemeanor conviction for which he was

sentenced to thirty days (*see* Doc. Nos. 6 at 13–14; 12 at 1), is sufficient to explain why Petitioner was not owed due process prior to his immigration detention. *See Gomez Linares v. Mullin*, No. 1:26-cv-04105-DC-CKD, 2026 WL 2240988 (E.D. Cal. Aug. 3, 2026) (ordering immediate release of the petitioner rather than a bond hearing where the respondents failed to attach evidence showing the petitioner's detention was based on pending criminal charges and the alleged criminal conduct did not excuse the failure to provide prior notice and a pre-deprivation hearing); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest noted in the Form I-213 attached to the respondents' brief).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 16, 2026 (Doc. No. 10), are ADOPTED IN PART;
2. Petitioner Jonaifer Guillermo[1] Rivas Rojas's (A-240-530-033) petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED, as follows:
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention on in June 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;
    c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

[1] Petitioner also uses the spelling "Janaifer Guilhermo." (Doc. No. 1.)

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 7, 2026**

Dena Coggins
United States District Judge